UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:22-cv-22780

AT LAW AND IN ADMIRALTY

MARIE ROSENA GILLES-JEAN,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
a Foreign Profit Corporation;
DOLPHIN ENCOUNTERS LTD.,
a Foreign Profit Corporation; and
ROBERT L. MEISTER as owner and
managing director of Dolphin Encounters Ltd.

      Defendants.

_____/

**PLAINTIFF'S RESPONSE TO
DEFENDANT DOLPHIN ENCOUNTERS' MOTION TO STAY
JURISDICTIONAL DISCOVERY PENDING
ADJUDICATION OF ITS MOTION TO DISMISS [DE 37]**

Plaintiff, MARIE ROSENA GILLES-JEAN, hereby responds to DOLPHIN ENCOUNTERS' Motion to Stay Jurisdictional Discovery pending adjudication of its Motion to Dismiss [DE 37] and states:

**I. Introduction**

Dolphin Encounters' Motion to Stay Jurisdictional Discovery pending adjudication of its Motion to Dismiss should be denied in its entirety. Because the Defendants failed to provide passengers including the Plaintiff with a reasonably safe means of boarding and leaving their vessels, Passenger GILLES-JEAN was permanently and severely injured when she was disembarking Dolphin Encounters' *Blue Lagoon Island ferry*/boarding the RCCL *Freedom of the Seas* on October 30, 2021.

1

## II. Argument

### A.  JURISDICTIONAL DISCOVERY IS RELEVANT

Dolphin Encounters filed a Motion to Dismiss (DE 19) challenging personal jurisdiction despite the fact that the Defendant engages in substantial activities in Florida including but not limited to: (1)Maintains at least one office in Florida; (2) Alter-ego Subsidiaries in Florida-Treasure Cay Services, Inc. and Aster Investments of Florida Inc.; (3) Administrative services in Florida; (4) Operational services in Florida; (5) Receives supplies from Florida; (6) Requires excursion participants to pay them in Florida; (7) Maintains a bank account in Florida(8) Employs an Advertising Agency in Florida-James Ross Advertising; (9) Partners with entertainment agency in Florida- Dolphin World; (10) Travels to Florida; (11) Litigating in Florida(12) Contracting/entering into partnerships and/or joint ventures with cruise lines in Florida; (13) Agreeing to insure and/or indemnify cruise lines in Florida ; (14) Deriving substantial revenues from business with cruise lines in Florida; and (15) Selling and advertising the subject excursion in Miami, Florida. See *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1362 (11th Cir. 2006) (the Eleventh Circuit in, held that a foreign resort had continuous systematic contacts with Florida where the resort maintained numerous separate commercial relationships with Florida-based entities such as travel and vacation agencies, lawyers, insurance brokers, advertisers, and a host of construction and home decor companies and a significant portion of its vendors operated in Florida).

Although Plaintiff maintains that Defendant's motion and *boiler-plate* Declaration are insufficient to shift the burden of proof to the Plaintiff to produce evidence supporting jurisdiction, as part of Plaintiff's Response to Dolphin Encounters' Motion to Dismiss, Plaintiff served jurisdictional discovery on Dolphin Encounters. DE 35; DE 35-1; DE 35-2.

Plaintiff's interrogatories and request for production regarding jurisdiction are specifically tailored based on the information currently known about Dolphin Encounters substantial contacts with the State of Florida and the assertions in Robert Meister declaration. The discovery requests seek information about Dolphin Encounters' relationships with Royal Caribbean and other cruise lines, Treasure Cay Services Inc., Aster Investments of Florida Inc., James Ross Advertising, and DolphinWorld.org. DE 35-1; DE 35-2. These relationships will be demonstrated though agreements, communications and payments. Additionally, the interrogatories seek the identity of the individual who can testify about Defendant's answers. Further, the discovery also requests phone provider information as well as phone logs. The phone logs, which will either be provided by the Defendant or obtained from the phone company through a subpoena, will demonstrate how often the Defendant is in contact with its Florida office.

Jurisdictional discovery is particularly appropriate where the defendant is a corporation as the Defendant is here. *Belden Technologies, Inc.*, 626 F.Supp.2d 448 (quoting *Metcalfe v. Renaissance Marine, Inc.*, No. 08-1720, 2009 WL 1408523, at *9 (3d Cir. May 21, 2009)). As aptly noted by many circuits:

> A plaintiff who is a total stranger to a corporation should not be required, unless he has been undiligent, to try such an issue on affidavits without the benefit of full discovery. If the court did not choose to hear witnesses, this may well have been within its province, but in such event plaintiff was certainly entitled to file such further interrogatories as were reasonably necessary and, if he wished, to take depositions. The condemnation of plaintiff's proposed further activities as a "fishing expedition" was unwarranted. When the fish is identified, and the question is whether it is in the pond, we know no reason to deny a plaintiff the customary license.

*Compagnie Des Bauxites de Guinee v. L'Union S.A. D'Assurances*, 723 F.2d 357 (3d Cir. 1983) (adopting *Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254, 255–56 (1st Cir. 1966)); *Univ. of Mass. v. L'Oréal S.A.*, 36 F.4th 1374, 1384–85 (Fed. Cir. 2022).

## B. PLAINTIFF IS ENTITLED TO CONDUCT JURISDICTIONAL DISCOVERY

It is well established that the Eleventh Circuit recognizes the right to conduct limited jurisdictional discovery. See, e.g. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214, n.7 (11th Cir. 1999); *Eaton v. Dorchester Develop., Inc.*, 692 F.2d 727 (1982)(it was premature to dismiss a claim for lack of jurisdiction where plaintiffs were not given an opportunity to elicit material through discovery to support a determination on jurisdiction); *Blanco v. Cargulf Lines*, 632 F.2d 656 (5thCir. 1980)(plaintiff is entitled to elicit material through discovery before a claim could be dismissed for lack of jurisdiction.) Notably, "the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction." *Majd-Pour v. Georgiana Cmty. Hosp.,Inc.* 724 F.2d 901, 903 (11th Cir. 1984). While the right to jurisdictional discovery is "qualified," the only qualification is that the question of the court's jurisdiction, including venue, is genuinely in dispute. *Eaton*, 692 F.2d at 729, n. 7 (citing The Use of Discovery to Obtain Jurisdictional Facts, 59 Va.L.Rev. 533, 546–47 (1973)).

## C. JURISDICTIONAL DISCOVERY MUST BE CONDUCTED BEFORE THE COURT RULES ON DEFENDANT'S MOTION TO DISMISS

This Court and other similar courts routinely recognize a plaintiff's right to conduct limited jurisdictional discovery *before* a ruling on a motion to dismiss for lack of jurisdiction or venue. *Ure, et al.v. Oceania Cruises, Inc.*, at al., No. 14-cv-21340-DPG, ECF Nos. 106 at 2–3, 135 at ¶ 3, 137 (S.D. Fla.) (ruling the Plaintiff would have ninety (90) days to conduct jurisdictional discovery); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)("where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.");see, e.g., *Trummel v. Star Clippers, Ltd., et.al.*, No: 15-cv-24447-KMW, ECF No. 50 (S.D. Fla. July 8, 2016) (granting motion to stay case and defer ruling on motion to dismiss pending jurisdictional discovery); *Belik v. Carlson Travel Grp., Inc.*, No. 11-

21136-civ-Altonaga, ECF No. 108 (S.D. Fla. Nov. 21, 2011); *Bridgewater v. Carnival Corp.*, et. al.,No. 10-22241-civ-King, ECF No. 28 (S.D. Fla. Sept. 23,2010) (granting plaintiff's motion to stay case for 90 days pending jurisdictional discovery and denying defendant's motion to dismiss without prejudice); *Kilma v. Carnival Corp. et. al.*, No. 08-20335-cv-Moore, ECF No. 55 (S.D. Fla. Oct. 10, 2008) (denying motion to dismiss, staying case, and granting the plaintiff leave to conduct jurisdictional discovery). Limited jurisdictional discovery also assists the court in making an informed and reasoned ruling based upon all the evidence. As noted by the Honorable Kenneth Marra in *Sierra Equity Group, Inc., v. White Oak Equity Partners, LLC.*, 2008 WL 1771857, *2 (S.D.Fla. April 15, 2008), "jurisdictional discovery will be useful to determine the actual extent of Defendants' contacts with Florida to determine whether this case can be resolved on its merits. Without factual discovery, the Court would be left to conjecture whether it could exercise jurisdiction over Defendants."

### D. PLAINTIFF WOULD BE PREJUDICED WITHOUT AN OPPORTUNITY TO CONDUCT JURISDICTIONAL DISCOVERY

Courts frequently recognize that a plaintiff would be prejudiced without an opportunity to conduct jurisdictional discovery. A plaintiff is not required to rely exclusively upon a defendant's affidavit for resolution of a jurisdictional issue. See *Blanco v. Carigulf Lines*, 632 F.2d at 658. Absent reasonable discovery as to jurisdiction, a defendant could defeat jurisdiction by withholding information on its contacts with the forum. *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996); *Bracewell v. Nicholson Air Serv., Inc.*, (748 F.2d 1499 (11thCir. 1984)(dismissal untimely if entered prior to discovery).

### E. STAYING JURISDICTIONAL DISCOVERY CONFLICTS WITH RELEVANT CASE LAW

Staying jurisdictional discovery until after a ruling on the motion to dismiss for lack of jurisdiction conflicts with relevant case law. *Compare United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280-81 (11th Cir. 2009) (affirming district court's dismissal for lack of personal jurisdiction before discovery was taken where plaintiff never formally moved for jurisdictional discovery but included the request as a proposed alternative in response to a motion to dismiss, did not serve notices for depositions, and did not take formal action to compel discovery), and *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (affirming district court's denial of jurisdictional discovery when no efforts had been made in the eight months between the filing of the complaint and the time it was dismissed, plaintiffs' only allusion to discovery was on the first page of their response to the motion to dismiss, and plaintiffs "failed to specify what they thought could or should be discovered"), *with Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 730-31 (11th Cir. 1982) (reversing district court's dismissal for lack of personal jurisdiction as premature where plaintiff had served subpoenas *duces tecum* identifying specific materials to support the allegations, but plaintiff had not yet received the discovery).

As such, Dolphin Encounters' Motion to Stay Jurisdictional Discovery pending adjudication of its Motion to Dismiss should be denied in its entirety. The Plaintiff respectfully requests that this Court require the Defendant to respond to the propounded jurisdictional discovery in accordance with the Rules.

WHEREFORE, Plaintiff, respectfully requests that this Court deny Dolphin Encounters' Dolphin Encounters' Motion to Stay Jurisdictional Discovery pending adjudication of its Motion to Dismiss in its entirety and order the Defendant to respond to the propounded jurisdictional discovery in accordance with the Rules.

6

Respectfully submitted,

*s/ Lisa C. Goodman*_____
Lisa C. Goodman (FBN 118698)
lgoodman@hickeylawfirm.com
John H. Hickey (FBN 305081)
hickey@hickeylawfirm.com
**Hickey Law Firm, P.A.**
1401 Brickell Avenue, Suite 510
Miami, FL  33131-3504
Telephone: (305) 371-8000
*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 21st day of March 2023.  We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: __s/  Lisa C. Goodman_____
        Lisa C. Goodman (FBN: 118698)
        E: lgoodman@hickeylawfirm.com

7

## SERVICE LIST

| | |
|---|---|
| **John H. Hickey, Esq. (FBN 305081)**<br>hickey@hickeylawfirm.com<br>federalcourtfilings@hickeylawfirm.com<br>**Lisa Goodman, Esq. (FBN 118698)**<br>lgoodman@hickeylawfirm.com<br>kporras@hickeylawfirm.com<br>**Hickey Law Firm, P.A.**<br>1401 Brickell Avenue, Suite 510<br>Miami, FL 33131<br>Tel. (305) 371-8000<br>Fax: (305) 371-3542<br>*Attorneys for Plaintiff* | **Brian T. Scarry, Esq.**<br>SIOLI ALEXANDER PINO<br>9155 S. Dadeland Blvd., Suite 1600<br>Miami, FL 33156<br>T: (305) 428-2470<br>F: (305) 428-2471<br>Fla Bar No: 914230<br>E: bscarry@siolilaw.com<br>*Attorney for Defendants, Royal Caribbean Cruises Ltd. & Dolphin Encounters Ltd.* |

8