UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-22780-Civ-GAYLES/TORRES

MARIE ROSENA GILLES-JEAN,

    *Plaintiff,*

v.

ROYAL CARIBBEAN CRUISES, LTD., *et al.*

    *Defendants.*

_____/

## ORDER ON MOTION TO STAY JURISDICTIONAL DISCOVERY

This matter is before the Court on Dolphin Encounters Ltd.'s, ("Dolphin" or "Defendant") Motion to Stay Jurisdictional Discovery. [D.E. 37]. Marie Rosena Gilles-Jean ("Ms. Gilles-Jean" or "Plaintiff") filed a timely response to the Motion, [D.E. 38], to which Defendant replied. [D.E. 44]. Therefore, the Motion is now ripe for disposition.[1] After careful consideration of the Motion, the pleadings, the relevant authorities, and for the reasons discussed below, Defendant's Motion is **DENIED**.

### I. ANALYSIS

Defendant's Motion is not the typical motion to stay all discovery *except for* jurisdictional discovery. Instead, Defendant's Motion takes the somewhat unusual posture of seeking to stay jurisdictional discovery on the basis that a motion to dismiss is currently pending before the Court. However, that motion to dismiss is

---

[1] On April 17, 2023, the Honorable Darrin P. Gayles referred all pre-trial non-dispositive and dispositive matters to the undersigned for disposition. [D.E. 51].

premised on a lack of jurisdiction argument. In other words, Defendant asks this Court to dismiss Plaintiff's claims prior to giving Ms. Gilles-Jean an opportunity to obtain the limited information she may use to establish disputed jurisdictional facts. Based on our review of the Amended Complaint and the factual allegations therein, such a drastic measure is unwarranted at this juncture.

Plaintiffs in federal court have a qualified right to jurisdictional discovery. *See, e.g.*, *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729–31 (11th Cir. 1982) ("federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits."). Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, . . . ." Discovery is not limited to the merits of a case, as it is available to ascertain the facts bearing on issues such as jurisdiction or venue. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13 (1978). Thus, "'[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum.'" *Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 15 (D.C. Cir. 2003) (quoting *El–Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996)).

As noted in Defendant's Motion, Plaintiff served jurisdictional discovery requests directed at Dolphin shortly after filing her Amended Complaint. [D.E. 37 ¶¶ 2–3]. Further, Plaintiff's Complaint and the allegations asserted therein

make a sufficient showing to justify Plaintiff's entitlement to limited jurisdictional discovery. *See* [D.E. 15 ¶¶ 11–39, 59–66]. This conclusion finds ample support in the rulings of courts within the Eleventh Circuit. *See ACLU v. City of Sarasota*, 859 F. 3d 1337, 1341 (11th Cir. 2017) (internal citations omitted) ("[P]arties have a 'qualified right to jurisdictional discovery,' meaning that a district court abuses its discretion if it completely denies a party jurisdictional discovery, unless that party unduly delayed in propounding discovery or seeking leave to initiate discovery"); *Chudsama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Resolution of a pretrial motion that turns on findings of fact—for example, a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2)—may require some limited discovery before a meaningful ruling can be made."); *United Healthcare of Florida, Inc. v. American Renal Associates Holdings, Inc.*, No. 16-81180-CIV-MARRA, 2016 WL 8794534, *2 (S.D. Fla. Dec. 2, 2016) ("Eleventh Circuit precedent indicates that jurisdictional discovery is highly favored before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction.") (collecting cases); *Nutramedics, Inc. v. Blackstone Nutrition, Inc.*, No. 09-81458-CIV-MARRA, 2009 WL 10668148, *2 (S.D. Fla. Dec. 31, 2009) (same); *Gibson v. NCL Bahamas*, No. 11-24343-CIV, 2012 WL 1952670, *3 (S.D. Fla. May 30, 2012) (allowing jurisdictional discovery because "[w]ithout jurisdictional discovery, Plaintiff cannot refute the statements made in the affidavit submitted by Grupo Cacum's legal representative concerning the corporation's lack of contacts with Florida"); *Commercial Indus. Americana v. Academy Roofing & Sheet Metal of Fla.*, Inc., No. 11-60774-CIV-

ZLOCH, 2012 WL 13005796, *1 (S.D. Fla. Mar. 29, 2012) ("The Court has ample authority to permit jurisdictional discovery, particularly where a motion to dismiss for lack of personal jurisdiction has been filed.").

In sum, foreclosing Plaintiff's ability to engage in limited jurisdictional discovery as to Dolphin is not warranted in this case. Of course, Plaintiff's discovery inquiries as to Dolphin shall be limited to relevant information necessary to establish the nature and extent of Dolphin's contacts with the state of Florida. To the extent that Defendant has valid concerns regarding the allegedly overbroad or unduly burdensome nature of Plaintiff's discovery requests, the Parties are free to resort to our discovery disputes resolution procedures, where they will be afforded the opportunity to raise any timely and appropriate discovery objections they may have. *See* Standard Order Setting Discovery Procedures at https://www.flsd.uscourts.gov/content/chief-magistrate-judge-edwin-g-torres. Accordingly, Defendant's motion to stay jurisdictional discovery is DENIED.

## II. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Stay Jurisdictional Discovery pending resolution of dispositive motion [D.E. 37] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of April, 2023.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge